IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE ANDERSON, | : | CIVIL ACTION NO. **3:CV-12-1991** |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT OF SCI- | : | |
| HUNGTINGDON, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I.    **BACKGROUND.**

On October 4, 2012, *pro se* Plaintiff Anderson, an inmate currently confined at SCI-Huntingdon, Huntingdon, Pennsylvania,  filed this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff attached Exhibits, I-IX, to his Complaint.  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on October 4, 2012.  (Doc. 3).

II.    **STANDARDS OF REVIEW.**

A.    **PLRA**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 3).  The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

_____

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

**B.      42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state the time, place, and responsible persons involved. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**C.    MOTION TO DISMISS**

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court  stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.

3

433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).
"[T]o survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true to 'state a claim that relief is plausible
on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at
570). The Court emphasized that "only a complaint that states a
plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
Moreover, it continued, "[d]etermining whether a complaint states a
plausible claim for relief will ... be a context-specific task that requires
the reviewing court to draw on its judicial experience and common
sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521,
530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly*
and *Iqbal* in detail and provided a road map for district courts
presented with a motion to dismiss for failure to state a claim in a case
filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578
F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual

and legal elements of a claim should be separated. The District Court
must accept all of the complaint's well-pleaded facts as true, but may
disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a
District Court must then determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has a "plausible claim
for relief." *Id.* at 1950. In other words, a complaint must do more than
allege a plaintiff's entitlement to relief. A complaint has to "show" such
an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d
[224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in
*Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has
alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "
*Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a
context-specific task that requires the reviewing court to draw on its
judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not
entitled to the same deference as well-pled facts. In other words, "the
court is 'not bound to accept as true a legal conclusion couched as a
factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-
1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting*
*Twombly,* 550 U.S. at 555) (not precedential).

### III. ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff names the following Defendants: (1) Superintendent of SCI-Huntingdon; (2) SCI-Huntingdon Deputy Superintendents; (3) Counselors at SCI-Huntingdon; (4) Warden of Berks County Prison, Reading, PA; (5) Deputy Wardens of Berks County Prison; (6) Six unknown Correctional Officers in Berks County Prison; and (7) Two Unknown Counselors in the Berks County Prison. (Doc. 1, pp. 1-2). Plaintiff states that he will also name additional Defendants from Berks County Prison was he finds out their names during discovery.

Plaintiff alleges that upon his July 25, 2012, transfer from SCI-Huntingdon to the Berks County Prison, which occurred in order for Plaintiff to testify as a witness for the defendant in an unrelated murder trial, the Berks County Defendants violated his Eighth Amendment rights by subjecting him to "outrageous and punishing conditions meant to discourage [Plaintiff] from being a defense witness. Plaintiff avers that the unconstitutional conduct by the staff at Berks County Prison included constant verbal taunts and threats about his testimony in the murder trial as well as forcing him to eat alleged inedible "meal loaf," placing him in solitary confinement in the disciplinary unit without due process, and forcing him to live without a comfortable place to sit, which exacerbated preexisting knee/leg problems. (Doc. 1, pp. 3-4). Plaintiff states that he was made to endure the same conditions as inmates who were being punished for misconducts at Berks County Prison despite the fact that he did not commit a misconduct. Plaintiff states that he was placed in a cold cell with no blankets, no windows and no lights for 21-hours per day, and that he was

5

deprived showers and proper food.  Plaintiff also alleges  that this treatment by the staff at

Berks County Prison was directed at him "because he was a defense witness" and,  therefore

it violated his First Amendment right to free speech and protection from retaliation for

exercising this right. (Doc. 1, p. 5).  Plaintiff indicates that he was confined in Berks County

Prison from July 25, 2012 through August 2012.

Thus, Plaintiff raises the following claims against Defendant staff at Berks County

Prison:  Eighth Amendment denial of proper medical care; Eighth Amendment conditions of

confinement; Eighth Amendment cruel and unusual punishment; First Amendment free

speech and retaliation; and Fourteenth Amendment due process.

Plaintiff avers that the SCI-Huntingdon Defendants violated his Eighth Amendment

rights by failing to follow through on their alleged continual responsibility to provide Plaintiff

with safe prison conditions after Plaintiff was transferred to Berks County Prison.  (*Id.*, p. 5).

He also alleges that the SCI-Huntingdon Defendants could have "refused to turn [him] over

to Berks County Prison, knowing full well [he] was going to be sent to Berks County Prison

and would [suffer] such dreadful, and frightful conditions amounting to extreme

punishment." (*Id.*).   He requests that SCI-Huntingdon Defendants refuse to turn him over

to Berks County Prison again for the upcoming retrial of the defendant (Williams) since the

original murder trial of Williams ended in a mistrial.  Plaintiff indicates that he will again be

subpoenaed to be a witness for Williams in the second murder trial.   (Doc. 1, p. 5).  Plaintiff

alleges that if the SCI-Huntingdon Defendants again transfer him to Berks County Prison,

they will be violating his First Amendment right to free speech and protection from

retaliation from exercising this right. (*Id*.). Furthermore, he states that he is suing the SCI-Huntingdon Defendants only in their official capacities since he is seeking injunctive relief for the court to "stop/prevent" these Defendants from again transferring him to Berks County Prison to testify for the defense in the upcoming retrial of Williams. Plaintiff states that he is only suing the Berks County Defendants in their individual capacities. (Doc. 1, p. 6).

The only relief which Plaintiff requests in his Complaint is his stated request for injunctive relief for the court to "stop/prevent" the SCI-Huntingdon Defendants from again transferring him to Berks County Prison for Williams' retrial. To the extent that Plaintiff is deemed as seeking money damages against any Defendants in their official capacities, we will recommend that the Court dismiss with prejudice such a claim for damages request as Plaintiff can only sue Defendants for damages in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *see also Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009); *see also Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983).

IV.  **DISCUSSION.**

    A.  **BERKS COUNTY DEFENDANTS**

Initially, we will recommend that the Court transfer Plaintiff's Complaint against the Berks County Defendants to the Eastern District of Pennsylvania because the Berks County Prison is located in the Eastern District of Pennsylvania, not in the Middle District of Pennsylvania, the Berks County Defendants are all located in the Eastern District of

Pennsylvania and, all of Plaintiff's constitutional claims against the Berks County Defendants arose in the Eastern District of Pennsylvania. Therefore, we find that the Eastern District of Pennsylvania is the more convenient forum, pursuant to 28 U.S.C. §1404(a), with respect to all of Plaintiff's constitutional claims against the Berks County Defendants. *See Abuhouran v. Kaiserkane, Inc.*, 2010 WL 5300885 (M.D. Pa. 11-29-10) adopted by 2010 WL 5300821 (M.D. Pa. Dec. 20, 2010). Moreover, venue over Plaintiff's action as against the Berks County Defendants does not lie in the Middle District of Pennsylvania .

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized

that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

 In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

"the purpose of [§1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that because the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, the relevant Defendants were located in the Western District of Pennsylvania, and "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania.  *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*Id*. at \*2 (citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[2]

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, they all weigh in favor of transferring all of Plaintiff's claims against the Berks County Defendants, which arose in the Eastern District of Pennsylvania and which relate to his confinement at Berks County Prison from July 25, 2012 through August 2012, to the Eastern District of Pennsylvania.

At all relevant times regarding the claims that arose at Berks County Prison, Plaintiff was confined at Berks County Prison within the jurisdiction of the Eastern District of Pennsylvania. Furthermore, none of the named Berks County Prison Defendants are located in the Middle District of Pennsylvania. None of these Defendants are alleged to have any contacts with the Middle District of Pennsylvania. Further, all of the records concerning Plaintiff's claims that arose at Berks County Prison are located in the Eastern District of Pennsylvania along with any potential witnesses. Thus, none of the Berks County Prison Defendants, none of the witnesses and none of the records regarding Plaintiff's claims arising during his confinement at Berks County Prison are located in the Middle District of Pennsylvania. Therefore, for the convenience of the parties and in the interest of justice, we will respectfully recommend that this case as against the Berks County Prison Defendants be transferred to the Eastern District of Pennsylvania, the proper forum.[3] *See Vangura Kitchen*

---

[2]The quote from *Brown* contained two factors number (4).

[3]Plaintiff must exhaust his administrative remedies at Berks County Prison with respect to all of his stated constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*,

*Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3, *citing Jumara v. State Farm*

*Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

## B.      SCI-HUNTINGDON DEFENDANTS

As aforementioned, Plaintiff claims that the SCI-Huntingdon Defendants "had a

responsibility to be certain that when they transfer[red] [Plaintiff] from SCI-Huntingdon ...

that the party that the SCI-Defendants turn[ed] [Plaintiff] over to be required to provide

[Plaintiff] with similar care" and that the SCI-Huntingdon Defendants violated the Eighth

Amendment by not protecting Plaintiff after he was transferred to Berks County Prison.

(Doc. 1, p. 5).  Plaintiff also requests that this court order the SCI-Huntingdon Defendants

not to  transfer him back  to Berks County Prison, as a witness for the defense, in  the retrial

of Williams.  (*Id.*).  He avers that if SCI-Huntingdon Defendants send him back to Berks

County Prison for the retrial, the SCI-Huntingdon Defendants will be violating his First

Amendment free speech right and protection against retaliation since they know he will be

subjected to unconstitutional conduct by the Berks County Defendants for exercising his free

speech right by testifying as a defense witness during the retrial of Williams.  (*Id.*).  Plaintiff

does not make any request for relief as against the SCI-Huntingdon Defendants.

_____

372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*
        A portion of Plaintiff's Exhibits attached to his Complaint indicate that he filed grievances with the Berks County Prison.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[4] a civil rights complaint, in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous ,and so that a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaint is not in conformity with Rule 8(a). It does not give the SCI-Huntingdon Defendants fair notice as to what

---

[4]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

Plaintiff's claims against them are and the grounds upon which the claims rest. Plaintiff merely states that the SCI-Huntingdon Defendants had a responsibility to make sure he was properly taken care of after his transfer to Berks County Prison and that these Defendants should be prevented from transferring him back to Berks County Prison for the retrial of Williams. Plaintiff does not state any specific conduct by each of the SCI-Huntingdon Defendants, the time and place of the conduct, or the identity of the responsible officials, and, therefore, his Complaint is in violation of Rule 8(a).

We also find that insofar as Plaintiff only seeks injunctive relief as against the SCI-Huntingdon Defendants and he seeks this federal court to interfere with the ongoing murder trial of William in Berks County by preventing his transfer to Berks County Prison to testify as a defense witness, this court is prohibited from such relief by the Anti-Injunction Act. As stated, Plaintiff seeks this federal court to issue an injunction to prevent his transfer to Berks County Prison when he is again subpoenaed to testify in the Berks County Court as a defense witness during the retrial of Williams.

We find that this court is barred from enjoining any further involvement of Plaintiff in the pending criminal proceedings against Williams in Berks County Court and granting his injunction request by the Anti-Injunction Act. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08).

Plaintiff's present requests for this Court to intervene into the pending criminal case against Williams in Berks County Court which will be proceeding on a retrial, and his request for this Court to prevent SCI-Huntingdon Defendants from transferring him back to

Berks County Prison, is improper under the Anti-Injunction Act.[5]  *See Keys v. Pennsylvania*,

2011 WL 766978, *17 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-

11).

In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *10 (M.D. Pa.), the Court stated,

"the so-called "Anti-Injunction Act" states that "[t]he writ of injunction shall not be granted

by any court of the United States to stay proceedings in any court of a State, except in cases

where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Rev. Stat. of 1874, ch. 12, § 720, 18 Stat. 134."     *See* 28 U.S.C. §2283.

Additionally, Plaintiff's instant injunction request for this Court to enjoin his transfer

to Berks County for his testimony in the criminal proceedings against Williams, is precluded

by the *Younger v. Harris*, 437 U.S. 37 (1971), abstention doctrine.  In *Leer Elec., Inc. v. Com.*

*of Pa.*, 2008 WL 5378284, *4 (M.D. Pa.), the Court stated:

_____

[5]We note that, to the extent that Plaintiff is also deemed as claiming the conduct of
the Berks County Court Judge and District Attorney handling the Williams' retrial is in
violation of state law (Doc. 1, Ex. III), such claims are barred by the Eleventh Amendment.
*See Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *3(M.D. Pa.).
In *Leer Elec.*, the Court stated:

Reviewing the complaint in the current case, the Court finds that the Eleventh
Amendment denies the Court jurisdiction over the plaintiff's claims brought under
Pennsylvania law. As stated by the Supreme Court, "[a] federal court's grant of relief
against state officials on the basis of state law, whether prospective or retroactive,
does not vindicate the supreme authority of federal law." *Pennhurst [State School &
Hosp. V. Halderman],* 465 U.S. [89] at 106[1984]. As such, if the Court were to
instruct the Pennsylvania officials on how to conform their conduct to Pennsylvania
law, it would engage in a practice that "conflicts directly with the principles of
federalism that underlie the Eleventh Amendment." *Pennhurst,* 465 U.S. at 106.
*Id*.

In *Younger v. Harris,* the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that followed *Younger,* the Supreme Court made it clear that this doctrine of abstention is not specific to criminal matters, but also applies to state civil court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (holding that federal courts may not enjoin state civil proceedings between private parties); *Ohio Civil Rights Commn. v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (holding that federal courts may not enjoin state administrative proceedings when important state interests are involved); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (first applying *Younger* to state administrative proceedings). "The *Younger* doctrine ... reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371 (1979)(citing *Samuels v. Mackell,* 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)). *Younger* abstention is appropriate when three requirements are satisfied. *See Middlesex* 457 U.S. at 432(collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

We find that Plaintiff's appearance as a defense witness in the pending state court criminal proceedings in Berks County Court against Williams satisfy the three requirements of *Younger* abstention. While Plaintiff is not a party in an ongoing state court action against Williams, he is a witness subpoenaed by the defense and this is a proceeding of a judicial nature subject to interference if the Plaintiff's present §1983 case was allowed to proceed. The state court criminal murder trial of Williams in Berks County Court clearly implicates important state interests since the state has a legitimate governmental function in brining to trial murder cases within the County. Finally, Plaintiff will have an adequate opportunity to

raise his constitutional claims in the in Berks County Court and in the U.S. District Court for the Eastern District of Pennsylvania.  In fact, as stated, Plaintiff's constitutional claims regarding his alleged treatment at Berks County Prison during his confinement there for the first trail of Williams should be transferred to  U.S. District Court for the Eastern District of Pennsylvania.

Therefore, we find that Plaintiff's case as against the SCI-Huntingdon Defendants satisfies the three *Younger* abstention requirements and that the *Younger* abstention doctrine bars this Court from granting the injunctive relief Plaintiff seeks in his Complaint as against these Defendants which would essentially prevent his in-person testimony for the defense in the retrial of Williams for murder.

Furthermore, Plaintiff has failed to properly state any constitutional  claim as against the SCI-Huntingdon Defendants under  § 1983.  As mentioned, in a §1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).

It is well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976);

16

*Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Additionally, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. Recently, the Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of *respondeat superior*, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned personal involvement standards of a 42 U.S.C. § 1983 action, it is evident that Plaintiff's Complaint fails to allege the specific personal involvement of each of the SCI-Huntingdon Defendants. Also, more importantly, Plaintiff 's Complaint as against the SCI-Huntingdon Defendants fails to allege that Plaintiff was deprived of any rights secured by the Constitution by these Defendants. SCI-Huntingdon Defendants cannot be held responsible for the alleged unconstitutional conduct of the Berks County Prison Defendants. We do not find that the Eighth Amendment imposes liability on a prison official at one prison to protect and/ or take care of a prisoner after the prisoner's transfer to a different facility. As stated, SCI-Huntingdon Defendants can be held liable for their own conduct if it violates Plaintiff 's constitutional rights. Therefore, we find that SCI-Huntingdon Defendants cannot be held liable for any alleged acts of the Berks County Defendants

which may have resulted in violations of Plaintiff's Eighth, First and Fourteenth Amendment rights.

Furthermore, prisoners do not have an "absolute right not to be transferred to another prison, even if one prison is more or less desirable than another." *Madison v. Horn*, 1998 U.S. Dist. LEXIS 12975 (E.D. Pa. Aug. 21, 1998) (citing *Castle v. Clymer*, F.Supp., No 95-2407, 1998 WL 400093, at *20 (E.D. Pa. June 30, 1998) (quoting *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976))). While it is true that a First Amendment free speech claim filed pursuant to 42 U.S.C. § 1983 exists when a prisoner is transferred in retaliation for the exercise of his First Amendment free speech right, the alleged facts do not support that this was the case regarding Plaintiff's transfer from SCI-Huntingdon to Berks County Prison. *Id.* at *20. Plaintiff does not specifically allege that the SCI-Huntingdon Defendants transferred him in retaliation for his testimony as a witness in the murder trial, rather Plaintiff states that he was transferred to the Berks County Prison under a defense subpoena in order to testify for Williams in Williams' Berks County murder trial. Plaintiff basically alleges that the Berks County Prison Defendants violated his First Amendment right to free speech by improperly treating him and punishing him due to his testimony for Williams.

Therefore, because this court is barred from issuing the injunctive relief Plaintiff requests as against the SCI-Huntingdon Defendants, because Plaintiff has failed to state a claim against SCI-Huntingdon Defendants with the factual specificity required by Rule 8(a), and because Plaintiff has failed to allege personal involvement of the SCI-Huntingdon

Defendants, we will recommend that Plaintiff's claims against the SCI-Huntingdon

Defendants be dismissed with prejudice. In light of our foregoing discussion, we find that it

would be futile to allow Plaintiff to amend his Complaint with regards to the SCI-

Huntingdon Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir.

2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

V.     **RECOMMENDATION.**

Based on the aforementioned discussion, we respectfully recommend that the Court:

1. **TRANSFER** Plaintiff's Complaint **(Doc. 1)** against the Berks County Defendants to

the U.S. District Court fo the Eastern District of Pennsylvania;

2. **DISMISS WITH PREJUDICE** Plaintiff's claims against the SCI-Huntingdon

Defendants; and

3. **DISMISS WITH PREJUDICE** any request by Plaintiff for money damages against

Defendants in their official capacities.


<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 19 , 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENNIE ANDERSON,                 :      CIVIL ACTION NO. **3:CV-12-1991**
                                         :
         Plaintiff              :      (Judge Mariani)
                                           :
      v.                     :      (Magistrate Judge Blewitt)
                                         :
SUPERINTENDENT OF SCI-        :
HUNGTINGDON, *et al.*,           :
                                         :
        Defendants       :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 19, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate
> judge, making his or her own determination on the basis of that record.  The judge
> may also receive further evidence, recall witnesses or recommit the matter to the

magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: November 19, 2012**