**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENNIE ANDERSON** | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:12-1991 |
| v. | : | (MANNION, D.J.)[1] |
| | | (BLEWITT, M.J.) |
| **Superintendent of SCI-Huntingdon, et al.,** | : | |
| | : | |
| Defendants | | |
| | : | |

**MEMORANDUM**[2]

Presently before the court is the report and recommendation of Judge Thomas M. Blewitt,[3] (Doc. No. 8). Pursuant to 28 U.S.C. §1915, Judge Blewitt gave the plaintiff's complaint, (Doc. No. 1), preliminary consideration and recommends that the plaintiff's claims against the defendants employed by the State Correctional Institution at Huntingdon, Pennsylvania (hereinafter

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 7, 2013, the case has been reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[3] The plaintiff misidentifies Judge Blewitt as "Magistrate" Blewitt. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The plaintiff is reminded to use the correct title, in the future, when referring to Judge Blewitt.

"SCI-Huntingdon") be dismissed and that the action be transferred to the United States District Court for the Eastern District of Pennsylvania. After considering the report and recommendation and the plaintiff's objections, (Doc. No. 14), the court will adopt the report and recommendation to the extent it recommends transfer of the action and dismissal for failure to plead personal involvement by the SCI-Huntingdon staff.

I.    BACKGROUND

Judge Blewitt's recitation of the facts is clear and complete and will be adopted by the court.[4] The facts essential to this review are that the plaintiff has been an inmate at SCI-Huntingdon for more that 15 years. In July 2012, he was temporarily transferred to the Berks County Prison so that he could testify as a witness in an unrelated criminal case. During his time at the Berks County Prison the plaintiff alleges mistreatment in violation of his Eighth Amendment rights. In particular, the plaintiff alleges that he was placed in restrictive confinement and deprived of adequate food, light and warmth.

Judge Blewitt recommends dismissal of the claims against the Superintendent of SCI-Huntingdon, SCI-Huntingdon Counselors and Deputies of SCI-Huntingdon (hereinafter "the SCI-Huntingdon Defendants"). (Doc. No. 8). Judge Blewitt found that the plaintiff had failed to plead any personal

---

[4] The court also notes that the plaintiff's objections do not challenge the facts as stated in the report and recommendation.

2

involvement by the SCI-Huntingdon Defendants because all alleged misconduct occurred at the Berks County Prison in Allentown, Pennsylvania. Alternatively, Judge Blewitt recommends that the plaintiff's request that the SCI-Huntingdon Defendants be enjoined from sending him back to the Berks County Prison, when testifying in the future, is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, or that the court should decline to hear the claims base on the doctrine of abstention outlined in *Younger v. Harris*, 437 U.S. 37 (1971). In addition, Judge Blewitt recommends transfer of the action to the Eastern District of Pennsylvania because the Berks County Prison is located in the Eastern District of Pennsylvania and is therefore the district in which all of the alleged acts took place.

The plaintiff's objections, (Doc. No. 14), focus almost entirely on what the plaintiff perceives as an ongoing duty owed to him by the SCI-Huntingdon Defendants because he was only temporarily "loaned" to the Berks County Prison. The plaintiff believes that the SCI-Huntingdon Defendants are liable because their collective decision to transfer him began the causal chain which led to the alleged Eighth Amendment violations at the hands of individuals at the Berks County Prison.

## II.  STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a Magistrate Judge, the district court must review *de novo* those portions of

the report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

The report and recommendation correctly states the applicable standard for 42 U.S.C. §1983 claim, that: the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the

4

Constitution or laws of the United States. *See* 42 U.S.C. §1983; *see also* Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). The report and recommendation also correctly indicates that liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. *See* Giles v. Kearney, 571 F.3d 318, 329 (3d Cir. 2009)(citing Rhode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir.1988)). In addition, the Third Circuit Court of Appeals has held that "[i]t is axiomatic that '[a] §1983 action...employs the principle of proximate causation.'" Burnsworth v. PC Lab., 364 F. App'x 772, 775 (3d Cir. 2010) (citing Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000)). In the specific context of §1983 cases, the Third Circuit has held that "[t]o establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [defendant's action] and the specific deprivation of constitutional rights at issue." Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000)(citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir.1990) (citation omitted)). More recently, the Third Circuit evaluated an alternative understanding of proximate causation in §1983 cases under which a defendant may be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Burnsworth v. PC Lab., 364 F. App'x 772, 775 (3d Cir. 2010)(citation omitted).

The plaintiff's complaint fails to allege personal involvement by any

individuals employed by SCI-Huntingdon in the physical acts which allegedly violated his Eighth Amendment rights. Each act by prison officials cited in the plaintiff's complaint occurred at the Berks County Prison and did not involve any individuals employed by SCI-Huntingdon. In his objections to the report and recommendation, the plaintiff alleges that the SCI-Huntingdon Defendants' decision to send him to the Berks County Prison should make them liable as part of the causal chain. The plaintiff, however, has failed to put forward any evidence that the SCI-Huntingdon Defendants, whose only alleged act is the transfer of the plaintiff to another prison facility so that he could testify in a criminal proceeding, are the proximate cause of his alleged injuries. In light of the affirmative acts allegedly taken by the staff of the Berks County Prison, the plaintiff cannot demonstrate a plausible nexus or affirmative link between his transfer and the later deprivations. Similarly, the plaintiff's complaint does not present any evidence, beyond conclusory allegations, that the SCI-Huntingdon Defendants knew or should have know that the transfer to another correctional facility was likely to cause a constitutional deprivation. Therefore, the plaintiff cannot sustain his claim under either theory of proximate causation.

The report and recommendation alternatively recommends that the court should abstain for hearing the claims against the SCI-Huntingdon Defendants or that it should decline to provide the requested injunctive relief under the Anti-Injunction Act. Although these recommendations are well

taken, having found that the plaintiff's claims against the SCI-Huntingdon Defendants cannot be sustained and that the defendants will be terminated from the action, the court need not consider the interests involved or the possible effect of abstention or injunctive relief on state court proceedings as no relief can be granted with respect to the SCI-Huntingdon Defendants.

Finding that dismissal of the SCI-Huntingdon Defendants is appropriate at this stage, the court also finds the recommendation that the matter be transferred to the United States District Court for the Eastern District of Pennsylvania to be proper. The plaintiff's objections to this recommendation are based on his confinement at SCI-Huntingdon and his belief that actionable claims exist against the SCI-Huntingdon Defendants. Under 28 U.S.C. §1404, a district court may "[f]or the convenience of parties and witnesses, in the interest in justice, ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). As discussed above, the court finds that no cognizable claims exist against the SCI-Huntingdon Defendants and therefore the only connection to this district is the plaintiff's incarceration there. Therefore, in light of the fact that all of the physical acts alleged to have deprived the plaintiff of his Eighth Amendment rights occurred at the Berks County prison which is located in the Eastern District of Pennsylvania the court will transfer the action to that district.

Finally, the court notes that the plaintiff's complaint included a request for the appointment of counsel. (Doc. No. 1 at 7). His short request, however,

does not contain sufficient information to allow the court to determine if appointment of counsel is appropriate at this time.

IV. **CONCLUSION**

The court agrees with Judge Blewitt's report and recommendation that the plaintiff has failed to demonstrate the necessary personal involvement of any of the SCI-Huntingdon Defendants. In addition, the court finds the plaintiff's objections, and in particular his argument that an extended causal chain makes the SCI-Huntingdon Defendants personally liable, to be unavailing. Moreover, finding that no genuine connection to the Middle District of Pennsylvania remains, transfer to the Eastern District of Pennsylvania is appropriate. As such, the court will adopt the report and recommendation to the extent it recommends that all claims against the SCI-Huntingdon Defendants be dismissed and that the matter be transferred to the Eastern District of Pennsylvania. An appropriate order will follow.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 19, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1991-01.wpd